**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SHEILA J. LAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-cv-1723 (KBJ) |
| ) | |
| JEFFERSON B. SESSIONS, *U.S.* ) | |
| *Attorney General*, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM OPINION</u>

On March 3, 2018, Defendants in this matter filed a motion to dismiss plaintiff Sheila Lawson's amended complaint, or alternatively, for summary judgment. (ECF No. 29.) Because she is proceeding pro se, this Court advised Lawson of her obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the motion, and specifically warned Lawson that, if she did not respond to the motion by April 20, 2018, the Court may treat the motion as conceded and may dismiss the case or enter judgment in Defendants' favor. (*See* Order, ECF No. 30, at 1–3.) Lawson sought, and this Court granted, two extensions of this deadline (*see* Min. Order of Apr. 26, 2018 (extending deadline to May 11, 2018); Min. Order of May 21, 2018 (extending deadline to May 21, 2018)), and in its Order granting the second requested extension, the Court warned Lawson that "absent extraordinary and unforeseen circumstances, no further extensions of this deadline will be granted" (Min. Order of May 21, 2018).

Lawson has now requested a third extension to respond to Defendants' motion, asserting that she needs more time because "four fully identified FBI Special Agents and a DOJ employee utilized the verified illegally circulated unauthorized telecommunications property and access to computer programs that Plaintiffs is listening to 24/7, 365, as she is spied on by laypersons and government officials[,]" which has prevented her from working on her opposition. (Pl.'s Mot. for a 3d Extension of Time to File and/or Supplement Pl.'s Mem. in Opp'n & Decl., ECF No. 36, at 1–2; *see also id.* at 8 (alleging that Lawson "has listened to [two individuals] violently yelling into their computers (my brain) and spying into [my residence] for a couple hours"); *id.* at 11 (alleging that an individual "accesses unauthorized telecommunications property and stolen computer programs to stalk and talk to Sheila Lawson's brain 24/7, and also watch and listen to any talking in Sheila Lawson's environment anywhere.").)

Federal Rule of Civil Procedure 6(e) authorizes this court to extend a deadline if a party requests an extension before the deadline expires upon a showing of "good cause." And while Lawson did file her request before her deadline had passed, this Court finds that her assertion that she needs more time because the government has been spying on her and yelling into her brain does not constitute good cause, let alone extraordinary and unforeseen circumstances that would justify yet another extension of this deadline. *Cf. Ling Yuan Hu v. U.S. Dep't of Def.,* No. 13-5157, 2013 WL 6801189, at *1 (D.C. Cir. Dec. 11, 2013) (holding that the district court's sua sponte dismissal of a complaint as patently insubstantial was proper where "its factual allegations were 'essentially fictitious,' involving a fantastic scenario of a vast government conspiracy

to interfere in appellant's daily life"); *Custis v. CIA*, 118 F. Supp. 3d 252, 255 (D.D.C. 2015) (sua sponte dismissing a complaint as patently insubstantial where the plaintiff alleged that government officials had implanted devices into her body and were continuously stalking and surveilling her), *aff'd sub nom. Custis v. Cent. Intelligence Agency*, 650 F. App'x 46 (D.C. Cir. 2016). Accordingly, this Court will **DENY** Lawson's request for a third extension of time, will **GRANT** Defendants' motion to dismiss as conceded, and will **DISMISS** this action without prejudice.[1] *See* LCvR 7(b); *Cohen v. Bd. of Trustees of the Univ. of D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016).

A separate Order accompanies this Memorandum Opinion.

DATE:  May 24, 2018

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[1]  Because the Court is dismissing Lawson's complaint, it does not reach the merits of Defendants' alternative argument that they are entitled to summary judgment. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) ("Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be 'conceded' for want of opposition.").